

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

CHERYL N. WALKER, Individually, and
CHERYL N. WALKER, Legal Guardian
of Kayla Walker, a Dependant Minor,

          Plaintiffs,

vs.

MUSCOGEE COUNTY SHERIFF'S DEPARTMENT,
MUSCOGEE COUNTY SHERIFF RALPH JOHNSON,
Individually and in his official capacity as Sheriff, and
MUSCOGEE COUNTY SHERIFF'S DEPUTY
DAVID GLISSON, Individually and in his official
capacity,

          Defendants.

_____/

Civil Action No.

**COMPLAINT**
and
**DEMAND FOR JURY TRIAL**

4:04 -cv- 24 -3 (cd)

### COMPLAINT

The Plaintiffs, Cheryl N. Walker, Individually, and Cheryl N. Walker, Legal Guardian of Kayla Walker, and Kayla Walker, a dependant minor, by and through the undersigned attorneys, and files this Complaint against the Defendants, Muscogee County Sheriff's Department, Muscogee County Sheriff Ralph Johnson, Individually and in his official capacity of Sheriff of Muscogee County, and Muscogee County Sheriff's Deputy David Glisson, Individually and in his official capacity as Sheriff's Deputy of Muscogee County, and allege the following:

### JURISDICTION AND VENUE

1.    This is an action in which the damages exceed Seventy-Five Thousand ($75,000.00) Dollars, exclusive of costs and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution of the United States of America.

3. Original jurisdiction is conferred upon the United States District Court for the Middle District of Georgia, Columbus Division, pursuant to 28 U.S.C. § 1331 and § 1343, because this action involves federal questions.

4. Supplemental jurisdiction is conferred upon the United States District Court for the District of Georgia, Columbus Division, pursuant to 28 U.S.C. § 1367(a).

5. Venue is properly conferred upon the United States District Court for the District of Georgia, Columbus Division, because the cause of action arose in Muscogee County, Georgia, and one or more of the Defendants reside in Muscogee County, Georgia.

6. At all times material, the Plaintiffs resided in Muscogee County, Georgia.

7. As the decedent's surviving spouse, Plaintiff Cheryl Walker brings this action for Kenneth B. Walker's wrongful death on behalf of all individuals entitled to claim under the estate of Kenneth B. Walker. Plaintiff Cheryl Walker brings this action for Kenneth B. Walker's wrongful death as legal guardian of Kayla Walker, a dependent minor.

8. The Defendant, Sheriff Ralph Johnson, as Sheriff of Muscogee County, (hereinafter "Sheriff") operates and administers the Muscogee County Sheriff's Department. The Defendant, Sheriff, has an existence separate and independent from the State of Georgia for Eleventh Amendment immunity analysis and is subject to the jurisdiction of this Court. The Defendant, Sheriff, may be served by serving the Muscogee County Sheriff, who is Ralph Johnson, at 100 Tenth Street, Columbus, Georgia 31902.

9. The Defendant, Muscogee County Sheriff's Department, (hereinafter "MCSD") is the official law enforcement agency for Muscogee County. The Defendant MCSD has an

existence separate and independent from the State of Georgia for Eleventh Amendment immunity analysis and is subject to the jurisdiction of this Court. The Defendant MCSD may be served by serving the Muscogee County Sheriff, who is Ralph Johnson, at 100 Tenth Street, Columbus, Georgia 31902.

10. Defendant, Muscogee County Sheriff's Deputy, David Glisson, (hereinafter "Glisson") at all times relevant to this Complaint, was a Sheriff's Deputy, employed by Sheriff and Muscogee County Sheriff's Deputy, acting under color of Georgia law and is subject to the jurisdiction of this Court. At all times relevant to this Complaint, Glisson was acting within the course and scope of his employment with Defendants Sheriff and Muscogee County Sheriff's Deputy.

## FACTS COMMON TO ALL COUNTS

11. On December 10, 2003, at approximately 9:00 p.m., the Defendants, Muscogee County Sheriff's Department and Glisson and the Metro Narcotics Task Force pulled over a GMC Yukon with a Muscogee County, Georgia license plate on Interstate 185 in Columbus, Muscogee County, Georgia.

12. At the time of the stop, there was no evidence or information that any of the passengers in the vehicle were engaged in unlawful activity, nor was there any probable cause to initiate the stop of the vehicle.

13. Glisson, who was acting within the scope of his employment with Sheriff and Muscogee County Sheriff's Deputy, pulled Kenneth B. Walker, an thirty-nine year old African American male from the rear passenger door at gunpoint. All of the occupants of the vehicle were African American males.

14. After pulling Kenneth B. Walker from the vehicle, and without provocation, Deputy Glisson executed Kenneth B. Walker by shooting him in the head twice at close range.

15. When Deputy Glisson fired the bullets into Kenneth B. Walker's head, Kenneth B. Walker had obeyed every command given by Deputy Glisson and was defenseless. Deputy Glisson gave no warning to Kenneth B. Walker prior to firing the bullets into Kenneth B. Walker's head.

16. As the Muscogee County Sheriff's Department, with others, surrounded the vehicle, Kenneth B. Walker did not possess any weapon. After Kenneth B. Walker's execution, an exhaustive search of the GMC Yukon from which Kenneth B. Walker and others were removed produced absolutely no weapons.

17. When Deputy Glisson fired the bullets into Kenneth B. Walker's head, Deputy Glisson knew that Kenneth B. Walker possessed no weapon.

18. Knowing that Kenneth B. Walker possessed no weapon, Deputy Glisson intentionally fired two (2) bullets into Kenneth B. Walker's head.

19. At all times relevant to this Complaint, Kenneth B. Walker posed no threat of harm to any of the defendants or any other citizen.

20. No other passenger in the vehicle possessed a weapon.

21. No drugs or any illegal contraband were found on Kenneth B. Walker. No drugs or any illegal contraband were found in the possession of any of the other occupants of the vehicle. No drugs or any other illegal contraband were found in the vehicle after an exhaustive search.

22. At all times relevant to this Complaint, Kenneth B. Walker did not resist or disobey any command from any law enforcement official when the vehicle was stopped.

23. At all times relevant to this Complaint, Kenneth B. Walker was not a suspect in any crime nor did he have a criminal record.

24. The fatal shooting of Kenneth B. Walker was made under the color of Georgia law pursuant to the authority of the Defendants, Muscogee County Sheriff's Department, Muscogee County Sheriff Ralph Johnson and Muscogee County Sheriff's Deputy, David Glisson.

## COUNT I
## SHERIFF'S VIOLATION OF 42 U.S.C. § 1983:
## DEPRIVIATION OF LIFE AND LIBERTY WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT

25. The Plaintiffs re-allege and incorporate by reference paragraphs one (1) through twenty-four (24) as if fully re-written.

26. Section 1 of the 14th Amendment to the U.S. Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

27. When Deputy Glisson pulled Kenneth B. Walker from the vehicle and executed Kenneth B. Walker by firing two (2) bullets into his head, Kenneth B. Walker suffered a violation of his federally protected right against the deprivation of his life and liberty, by the State, without due process of law.

28. Because Kenneth B. Walker was in the act of surrender and posed no danger to the Defendants or to any member of the public at the time Deputy Glisson executed him, Deputy Glisson's conduct in executing Kenneth B. Walker was reckless, deliberately indifferent and objectively unreasonable. His actions constituted a deprivation of Kenneth B. Walker's life and liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

5

29. Because Deputy Glisson executed Kenneth B. Walker pursuant to the policies, procedures and customs of the Defendant Sheriff, the Defendant Sheriff was the moving force behind the execution of Kenneth B. Walker.

30. Upon information and belief, at the time Deputy Glisson executed Kenneth B. Walker, the Defendant Sheriff regularly and customarily violated the rights of suspects, without due process of law, when apprehending them.

31. The official policies, procedures and customs of the Defendant Sheriff deprived Kenneth B. Walker of his federally protected right to be free from State-sponsored execution without due process of law.

32. The official policies, procedures and customs of the Defendant Sheriff directly and proximately caused Kenneth B. Walker's execution.

33. As a result, Kenneth B. Walker lost his life.

**WHEREFORE,** the Plaintiff's demand judgment against the Defendant Sheriff for compensatory damages in the amount of One Hundred Million ($100,000,000.00) Dollars, interest, costs and any other relief this Court determines is appropriate.

### COUNT II
### SHERIFF'S VIOLATION OF 42 U.S.C. § 1983:
### EXCESSIVE USE OF FORCE UNDER THE FOURTEENTH AMENDMENT

34. The Plaintiffs re-allege and incorporate by reference paragraphs one (1) through thirty-three (33) as if fully re-written.

35. Deputy Glisson's fatal shooting of Kenneth B. Walker was reckless, objectively unreasonable and constituted an excessive use of force in violation of the Fourth Amendment to the United States Constitution.

6

36. Kenneth B. Walker suffered a violation of his federally protected rights prohibiting the State's use of excessive force, because Kenneth B. Walker posed no danger to the Defendants or to any member of the public at the time Deputy Glisson shot and killed him.

37. Because Deputy Glisson fatally shot Kenneth B. Walker pursuant to the policies, procedures and customs of the Defendant Sheriff, the Defendant Sheriff was the moving force behind the violation of Kenneth B. Walker's Fourth Amendment right to be free from State-sponsored excessive force.

38. At the time Deputy Glisson fatally shot Kenneth B. Walker, the Defendant Sheriff regularly and customarily employed a policy of utilizing excessive force and unlawful violence in apprehending citizens.

39. The official policies, procedures and customs of the Defendant Sheriff deprived Kenneth B. Walker of his federally protected right to be free from State-sponsored excessive force and unlawful violence.

40. The official policies, procedures and customs of the Defendant Sheriff directly and proximately caused Kenneth B. Walker's fatal and unlawful shooting.

41. As a result, Kenneth B. Walker lost his life.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant Sheriff for compensatory damages in the amount of One Hundred Million ($100,000,000.00) Dollars, interest, costs and any other relief this Court determines is appropriate.

## COUNT III
## SHERIFF'S VIOLATION OF 42 U.S.C. § 1983: DELIBERATE INDIFFERENCE IN THE FAILURE TO TRAIN AND SUPERVISE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS

42. The Plaintiff's re-allege and incorporate by reference paragraphs one (1) through forty-one (41) as if fully re-written.

43. The Defendant, Sheriff, knowingly, recklessly and with deliberate indifference failed to adequately instruct, train and supervise Deputy Glisson in the proper use of firearms in the performance of his duties as a law enforcement officer.

44. The Defendant, Sheriff, knowingly, recklessly and with deliberate indifference failed to provide Deputy Glisson with the proper instruction, training and supervision required to seize and apprehend Kenneth B. Walker without using violence, firearms and excessive force.

45. The Defendant, Sheriff, knowingly, recklessly and with deliberate indifference failed to instruct, train, supervise and control Deputy Glisson in the use of force.

46. The Defendant, Sheriff, by failing to adequately instruct, train, supervise and control Deputy Glisson directly and proximately caused Kenneth B. Walker's death.

47. The Defendant, Sheriff, by failing to adequately instruct, train, supervise and control Deputy Glisson directly and proximately caused the deprivation of Kenneth B. Walker's federally protected rights, most notably his right to be free from unreasonable search and seizure under the Fourth Amendment, and his right to life and liberty under the Fourteenth Amendment.

48. All the failures addressed in this Count resulted from the official policies, procedures and customs of the Defendant Sheriff.

49. The official policies, procedures and customs of the Defendant Sheriff, directly and proximately caused the constitutional injuries suffered by Kenneth B. Walker, most notably

8

his right to be secure in his person from unreasonable search and seizure under the Fourth Amendment, and his right to life and liberty under the Fourteenth Amendment.

50.     As a result of the Defendant Sheriff's malfeasance and nonfeasance, Kenneth B. Walker lost his life.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant Sheriff for compensatory damages in the amount of One Hundred Million ($100,000,000.00) Dollars, interest, costs and any other relief this Court determines is appropriate.

## COUNT IV
## GLISSON'S VIOLATION OF 42 U.S.C. §1983:
### EXCESSIVE USE OF FORCE UNDER THE FOURTH AMENDMENT

51.     The Plaintiffs re-allege and incorporate by reference paragraphs one (1) through fifty (50) as if fully re-written.

52.     Deputy Glisson's fatal shooting of Kenneth B. Walker was objectively unreasonable and constituted an excessive use of force in violation of the Fourth Amendment to the United States Constitution.

53.     At the moment, Deputy Glisson fired two (2) bullets into Kenneth B. Walker's head, Mr. Walker suffered a violation of his federally protected rights, prohibiting the State's use of excessive force.

54.     At the time Deputy Glisson fired a bullet into Kenneth B. Walker's head, Kenneth B. Walker was in the act of surrender and posed no danger to the Defendants or to any member of the public.

55.     At the time Deputy Glisson fired a bullet into Kenneth B. Walker's head, Kenneth B. Walker had a right to be free from unreasonable search and seizure.

56. Deputy Glisson knew, or should have known, that his conduct in shooting Kenneth B. Walker violated the clearly established, constitutional rights of Kenneth B. Walker.

57. Deputy Glisson's shooting of Kenneth B. Walker was willful and malicious.

58. Deputy Glisson shot Kenneth B. Walker with callous and reckless indifference to Kenneth B. Walker's federally protected right to be free from unreasonable search and seizure.

59. As a result of Deputy Glisson's use of excessive force, Kenneth B. Walker lost his life.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant Glisson for compensatory damages in the amount of One Hundred Million ($100,000,000.00) Dollars, punitive damages, interest, costs and any other relief this Court determines is appropriate.

### COUNT V
### GLISSON'S VIOLATION OF 42 U.S.C. §1983:
### DEPRIVATION OF LIFE AND LIBERTY WITHOUT DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEETH AMENDMENT

60. The Plaintiffs re-allege and incorporate by reference paragraphs one (1) through fifty-nine (59) as if fully re-written.

61. Section 1 of the Fourteenth Amendment to the U.S. Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law."

62. When Deputy Glisson pulled Kenneth B. Walker from the vehicle and executed Kenneth B. Walker by firing a bullet into his head, Mr. Walker suffered a violation of his federally protected right against the deprivation of his life and liberty, by the State without due process of law.

63. Because Mr. Walker was in the act of surrender and possed no danger to the Defendants, or to any member of the public at the time, Deputy Glisson executed him. Deputy Glisson's conduct in executing Mr. Walker was reckless, deliberately indifferent and objectively unreasonable. His actions constituted a deprivation of Mr. Walker's life and liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

64. Deputy Glisson knew or should have known that his conduct in executing Kenneth B. Walker violated the clearly established, constitutional rights of Kenneth B. Walker.

65. Deputy Glisson's execution of Kenneth B. Walker was willful and malicious.

66. Deputy Glisson executed Kenneth B. Walker with callous and reckless indifference to Kenneth B. Walker's right to life and liberty.

**WHEREFORE,** the Plaintiffs demand judgment against the Defendant, Glisson, for compensatory damages in the amount of One Hundred Million ($100,000,000.00) Dollars, interest, costs and any other relief this Court determines is appropriate.

### COUNT VI
### MUSCOGEE COUNTY SHERIFF DEPARTMENT'S VIOLATION OF 42 U.S.C. § 1983: DELIBERTE INDIFFERENCE IN THE FAILURE TO TRAIN AND SUPERVISE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS

67. The Plaintiffs re-allege and incorporate by reference paragraphs one (1) through sixty-six (66) as if fully re-written.

68. The Defendant, Muscogee County Sheriff's Department, recklessly and with deliberate indifference failed to adequately instruct, train, supervise and control their law

enforcement agents, particularly, David Glisson, in the proper manner to remove a passenger from a vehicle without injury.

69. The Defendant, Muscogee County Sheriff's Department, by failing to adequately instruct, train, supervise and control their law enforcement agents, particularly, David Glisson, directly and proximately caused Kenneth B. Walker's death.

70. The Defendant, Muscogee County Sheriff's Department, by failing to adequately instruct, train, supervise and control their law enforcement agents, particularly, David Glisson, directly and proximately caused the deprivation of Kenneth B. Walker's Federally protected rights, most notably his right to be free from unreasonable search and seizure under the Fourth Amendment, and his right to life and liberty under the Fourteenth Amendment.

71. All the failures addressed in this Count resulted from the official policies, procedures and customs of the Defendant, Muscogee County Sheriff's Department.

72. The official policies, procedures and customs of the Defendant, Muscogee County Sheriff's Department, directly and proximately caused the constitutional injuries suffered by Kenneth B. Walker, most notably his right to be secure in his person from unreasonable search and seizure under the Fourth Amendment, and his right to life and liberty under the Fourteenth Amendment.

73. As a result, Kenneth B. Walker lost his life.

**WHEREFORE,** the Plaintiffs demand judgment against the Muscogee County Sheriff's Department for compensatory damages in the amount of One Hundred Million $100,000,000.00) Dollars, interest, costs and any other relief this Court determines is appropriate.

## DEMAND FOR ATTORNEY'S FEES AND COSTS

74. As a result of the acts, omissions and wrongs perpetrated by the Defendants, Muscogee County Sheriff's Department, Muscogee County Sheriff Ralph Johnson and Muscogee County Sheriff's Deputy David Glisson, the Plaintiff had to hire the services of attorneys to address the constitutional injuries suffered by the decedent, Kenneth B. Walker. The Plaintiff has incurred, and will continue to incur, attorney's fees and costs. Pursuant to 42 U.S.C. §1988, the Plaintiff demands recovery of all reasonable attorneys fees and costs from the Defendants, arising from this particular action

## DEMAND FOR JURY TRIAL

75. The Plaintiff demands trial by jury on each claim alleged, and on all issues triable as a matter of right by jury.


Respectfully Submitted,


**GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON & SPERANDO, P.L.**
221 E. Osceola Street
Stuart, FL 34994
(772) 283-8260 (Telephone)
(772) 221-2177 (Facsimile)

_____
William C. Campbell
Georgia Bar No. 107150

_____
Willie E. Gary, Esquire
Florida Bar No. 187843