IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

FILED
DISTRICT COURT
MIDDLE GEORGIA
04 MAR 12 PM 2:41
DEPUTY CLERK

| | |
|---|---|
| CHERYL N. WALKER, Individually, and CHERYL N. WALKER, Legal Guardian of Kayla Walker, a Dependent Minor<br><br>Plaintiffs,<br><br>v.<br><br>MUSCOGEE COUNTY SHERIFF'S DEPARTMENT, MUSCOGEE COUNTY SHERIFF RALPH JOHNSON, Individually and in his official capacity as Sheriff, and DAVID GLISSON, Individually and in his official capacity,<br><br>Defendants. | Civil Action File No.<br>4:04 CV 24-3 |

### DEFENDANT MUSCOGEE COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF.

COMES NOW Defendant Muscogee County Sheriff's Department, ("MCSD") (an entity not capable of being sued) by and through its undersigned counsel of record, and pursuant to Fed. R. Civ. P. 12(b)(6) and 17(b), hereby moves to dismiss Plaintiffs' Complaint against the Muscogee County Sheriff's

Department. For grounds therefor, Defendant MCSD states that under Georgia law the MCSD is not an entity that is capable of being and should, therefore, be dismissed from this case.

## I. INTRODUCTION

Plaintiffs filed the instant action against Sheriff Ralph Johnson, in his individual and official capacities, Muscogee County Sheriff's Deputy David Glisson, in his individual and official capacities and Muscogee County Sheriff's Department ("MCSD"). The Plaintiffs' claims are for alleged violations of 42 U.S.C. § 1983. MCSD is not a legal entity capable of being sued and therefore, must be dismissed from this case.

## II. ARGUMENT AND CITATION OF AUTHORITY

Fed. R. Civ. P. 17(b) sets forth:

(b) Capacity to Sue or Be Sued.

The capacity of an individual, other than one acting in a representative capacity, to sue or be sued should be determined by the law of the individuals' domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held...

In Georgia only legal entities have the capacity to be sued. In <u>Cravey v. Southeastern Underwriters Assn.</u>, 214 Ga. 450, 105 S.E.2d 497 (Ga. 1958) the Georgia Supreme Court held that "in every suit there must be a legal entity as the

real plaintiff and the real defendant." Id. at 450. "This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Id. at 450. Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E.2d 500 (Ga. 1988).

The Eleventh Circuit Court of Appeals has held that "Sheriff's departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992). In Shelby v. City of Atlanta, 578 F. Supp. 1368 (N.D. Ga. 1984) the Northern District of Georgia stated that a claim could not be brought against the Atlanta Police Department because it was not an entity capable of being sued. Id. at 1370. Additionally, The Southern District of Georgia ruled in Bunyon v. Burke County, 285 F.Supp. 2d 1310 (S.D. Ga. 2003) that a plaintiff's claims in a 42 U.S.C. §1983 lawsuit against the City of Midville Police Department and Burke County Sheriff's Department should be dismissed as the police department and Sheriff's departments were not legal entities amenable to suit. Id. at 1328. See Mann v. Hillsborough County Sheriff's Office, 946 F. Supp. 962 (M.D. Fla. 1996) (holding Hillsborough County Sheriff's office not a legal entity capable of being sued).

Plaintiffs can only bring an action against a legal entity in the State of Georgia. Under the above cited authority, the Muscogee County Sheriff's Department is not a legal entity under Georgia law. MCSD is not capable of being sued because it is not (1) a natural person, (2) an artificial person (a corporation), or (3) a quasi-artificial person capable of being sued. Accordingly, Defendant MCSD respectfully requests that it be dismissed with prejudice as a defendant in this action.

### III. CONCLUSION

MCSD is not a legal entity capable of suit under Georgia law. As such, the Muscogee County Sheriff's Department should be immediately dismissed from this lawsuit with prejudice.

Respectfully submitted this 12th day of March, 2004.

                                        PAGE, SCRANTOM, SPROUSE,
                                        TUCKER & FORD, P.C.

                                        By: _____
                                            James C. Clark, Jr.
                                            Georgia Bar No. 127145
                                            James A. Balli
                                            Georgia Bar No. 256460

1043 Third Avenue
P.O. Box 1199
Columbus, Georgia 31902
(706) 324-0251

By: _____ *(signed by Jane C Clark w/ permission)*
Clifton C. Fay
Georgia Bar No. 256460

_____ *(signed by Jane C Clark w/ permission)*
Jaimie B. DeLoach
Georgia Bar No. 081638

P.O. Box 1340
Columbus, Georgia 31902

Attorneys for Defendants Sheriff
Ralph Johnson and Muscogee County
Sheriffs' Department

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Motion to Dismiss and Brief in Support Thereof upon all parties by placing a copy in the United States Mail, with proper postage affixed thereto to ensure delivery, and addressed as follows:

Richard C. Hagler
Attorney for Defendant Glisson
927 3rd Avenue
Columbus, Georgia 31901

William C. Campbell
Willie E. Gary
Attorney for Plaintiffs
221 E. Osceola Street
Stuart, Florida   34994

Respectfully submitted this __12th__ day of March, 2004.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By: _____
James C. Clark, Jr.
Georgia Bar No. 127145
James A. Balli
Georgia Bar No. 256460

1043 Third Avenue
P.O. Box 1199
Columbus, Georgia 31902
(706) 324-0251