IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION



CHERYL N. WALKER, Individually,
and CHERYL N. WALKER,
Legal Guardian of Kayla Walker,
a Dependent Minor,

                Civil Action No. 4:04-CV-24-3

         Plaintiffs,

vs.

MUSCOGEE COUNTY SHERIFF'S
DEPARTMENT, MUSCOGEE COUNTY
SHERIFF RALPH JOHNSON,
Individually and in his official capacity
as Sheriff, and DAVID GLISSON,
Individually and in his official capacity.

         Defendants.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE

### I. INTRODUCTION

Plaintiffs filed the instant action against the Muscogee County Sheriff's Department, Muscogee County Sheriff Ralph Johnson, individually and in his official capacity as Sheriff, and David Glisson, individually and in his official capacity, on February 24, 2004. The Plaintiffs' claims are for violations of 42 U.S.C. § 1983.

### II. ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 41(a)(2) states as follows: "except as otherwise provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper."

Plaintiffs filed the instant action on February 24, 2004. Plaintiffs now seek an Order



allowing a voluntary dismissal without prejudice of the above-referenced action. Defendants will suffer no prejudice by such an Order from the Court, because Defendants have not been served in the instant action, no discovery has occurred in the instant action, and all of the parties have not filed an Answer in the instant action. As this case is in a nascent stage, the Defendants will suffer no undue prejudice, will incur virtually no expense nor extra effort by allowing the Plaintiffs to voluntarily dismiss this action without prejudice at this time.

In determining whether a case should be allowed to be voluntarily dismissed, the crucial question to be determined is "would the defendant lose any substantial right by the dismissal." Pontenberg v. Boston Scientific Corporation, 252 F.3d 1253 (11th Cir. 2001). The Eleventh Circuit Court of Appeals has held that the District Court enjoys broad discretion in determining whether to allow a voluntary dismissal under Federal Rules of Civil Procedure 41(a)(2) and has noted, "in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result". McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986); Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967). Defendants in the instant case will suffer no legal prejudice, nor would they lose any substantial right by the dismissal. Defendants, as noted above, have not even been served nor have all the Defendants filed an Answer. The Federal Courts have further held that the presumption is that the Courts will grant dismissal without prejudice, absent substantial prejudice to the Defendants. BD v. DeBuono, 193 F.R.D. 117 (SDNY 2000). As noted previously, Defendants will suffer no prejudice, no harm and no expense and, thus, Plaintiffs respectfully request that an Order of Voluntary Dismissal Without Prejudice be granted in the above-referenced action.

### III. CONCLUSION

Based on the arguments proffered above, Plaintiffs request that this Court grant an Order of Voluntary Dismissal Without Prejudice.

Respectfully submitted,

GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON & SPERANDO, P.L.
221 East Osceola Street
Stuart, Florida  34994
(T)     772-283-8260
(F)     772-221-2177

By: _____
William C. Campbell
Georgia Bar No. 107150

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion to Dismiss upon all parties by placing a copy in the United States Mail, with proper postage affixed thereto to ensure delivery, and addressed as follows:

James C. Clark, Jr., Esquire
Page, Scrantom, Sprouse,
Tucker & Ford, P.C.
1043 Third Avenue
P.O. Box 1199
Columbus, GA  31902

Richard C. Hagler, Esquire
927 3rd Avenue
Columbus, GA  31901

Respectfully submitted this 1st day of April, 2004.

_____
William C. Campbell
Georgia Bar No. 107150
GARY, WILLIAMS, PARENTI, FINNEY,
LEWIS, McMANUS, WATSON & SPERANDO, P.L.
221 East Osceola Street
Stuart, Florida  34994
(T)     772-283-8260
(F)     772-221-2177