IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| CHERYL N. WALKER, Individually, and CHERYL N. WALKER, Legal Guardian of Kayla Walker, a Dependent Minor,<br><br>    Plaintiffs,<br><br>v.<br><br>MUSCOGEE COUNTY SHERIFF'S DEPARTMENT, MUSCOGEE COUNTY SHERIFF RALPH JOHNSON, Individually and in his official capacity as Sheriff, and DAVID GLISSON, Individually and in his official capacity,<br><br>    Defendants. | Civil Action File No.<br>4:04 CV 24-3 |

### DEFENDANTS' MUSCOGEE COUNTY SHERIFF'S DEPARTMENT AND SHERIFF RALPH JOHNSONS' OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE AND BRIEF IN SUPPORT THEREOF

COMES NOW Defendants Muscogee County Sheriff Ralph Johnson ("Johnson") and Muscogee County Sheriff's Department, ("MCSD") (an entity not capable of being sued) by and through its undersigned counsel of record, and pursuant to Fed. R. Civ. P. 41 (a)(2), hereby oppose Plaintiffs' Motion to Dismiss



Without Prejudice and in the alternative move for the imposition of conditions on any such dismissal.

## I. INTRODUCTION

Plaintiffs filed the instant lawsuit naming the above defendants under 42 U.S.C. §1983 seeking substantial damages for alleged constitutional violations arising from the death of Kenneth Walker on December 10, 2003. (See Plaintiffs' Complaint wherein Plaintiffs seek damages from the Muscogee County Sheriff's Department and Sheriff Ralph Johnson in the amount of $100,000,000). On March 12, 2004 Johnson and MCSD filed its Answer and Defenses to the Complaint. Additionally, the MCSD filed a Motion to Dismiss the claims against it as it is not an entity capable of suit under Georgia law. (See Defendant Muscogee County Sheriffs' Departments' Motion to Dismiss and Brief in Support Thereof filed on March 12, 2004). Plaintiffs failed to respond and this Motion is ripe for ruling by this Court. Plaintiffs now have filed a Motion to Dismiss the entire action without prejudice including, apparently, the impermissible claims brought against the MCSD. Plaintiffs have stated they intend to refile an "expanded" lawsuit. (See article from Columbus Ledger-Enquirer, Lawyer Plans Expanded Lawsuit, dated April 15, 2004, attached hereto as Exhibit A). Plaintiffs also make reference to the possibility of refiling in state court rather than the current federal forum.

Plaintiffs' Motion to Dismiss should be either expressly or conditionally denied.

One of Plaintiff's tactical reasons for filing the Motion to Dismiss is to avoid a ruling by this Court on the previously filed Motion to Dismiss the claims against MCSD. Consequently, Plaintiffs' motion should be denied or conditioned as set forth below. Pursuant to Fed. R. Civ. P. Rule 41 attorneys' fees and costs should be imposed against Plaintiffs for filing this case and forcing the Defendants to incur unnecessary costs.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Given The Facts And Current Procedural Posture, Plaintiffs' Rule 41(a)(2) Motion Should Not be Granted Until the MCSD Motion Is Addressed

Plaintiffs request dismissal of *all* of their claims in this case pursuant to Fed. R. Civ. P. 41(a)(2). That Rule states, in pertinent part, that "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41 (a) (2) (emphasis supplied) A Rule 41(a)(2) motion is only appropriate where the claims sought to be voluntarily dismissed are viable. In the instant case, the claims Plaintiffs make against MCSD are not appropriate claims and are subject to dismissal **with prejudice** by this Court. The Plaintiffs are simply attempting to avoid a ruling by this Court on the MCSD motion.

The Seventh Circuit considered a similar situation involving the same strategy in the case of *Villegas v. Princeton Farms, Inc.*, holding that this strategy misused Rule 41(a)(2). *Villegas v. Princeton Farms, Inc.*, 893 F.2d 919 (7th Cir. 1990). In *Villegas* the Court had already ruled upon a motion for summary judgment and the Plaintiff sought a dismissal without prejudice to allow it to refile in state court. The Court found that this approach violated the spirit of Rule 41. Although *Villegas* involved a situation in which the Court had in fact already ruled upon the merits of the case, it is instructive here where the Court has before it a motion to dismiss the claims against one of the named defendants and Plaintiffs seek to avoid an adverse ruling upon the motion.

Courts have consistently held that motions for voluntary dismissals should be denied where the purpose is to avoid adverse rulings by the district court.[1] 8 Moores Federal Practice, § 41.40 [7][b][v] (Mathew Bender 3d. Ed.). In this case it is apparent that the Plaintiffs are attempting to avoid the consequences of an adverse ruling on the MCSD Motion to Dismiss and seek to dismiss and refile in another Court. This court should not permit this approach. Defendant MCSD respectfully requests that its previously filed Motion to Dismiss be ruled upon so that the clearly impermissible

---

[1] *Kapoulas v. Williams Ins. Agency, Inc.*, 11 F.3d 1380, 1383 (7th Cir. 1993); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198 (5th Cir. 1991).

claims against the MCSD may not be pursued frivolously in another court.[2]

## B. The Court Should Grant Attorneys' Fees and Costs to Defendants as a Condition of Dismissal

Rule 41(a)(2) prevents voluntary dismissals that unfairly prejudice the defendant; it exists primarily to protect the defendants rights. Rule 41(a)(2) is primarily intended to prevent voluntary dismissals which unfairly affect the other side, and to permit imposition of curative conditions. *McCants v. Ford Motor Co.* 781 F.2d 855, 856 (11th Cir. 1986) (quoting *Alamance Industries, Inc. v Filene's*, 291 F2d 142, 146 (1st Cir. 1961)). In considering a motion for dismissal, the court should "bear in mind principally the interests of the defendant, for it is the defendant's position the court should protect." *McCants*, 781 F.2d at 856 (quoting *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)[3]). Both the decision to grant dismissal and the terms and conditions that may be imposed pursuant to dismissal must be evaluated with defendant's interests in mind. See, *LeCompte*, 528 F.2d at 605; *Home Owners' Loan Corp. v Huffman* 134 F2d 314 (8th Cir. 1943) (Terms and conditions contemplated

---

[2]Alternatively, this Court could impose as a condition of the Plaintiffs' dismissal that the dismissal as to MCSD would be with prejudice.

[3]The Eleventh Circuit adopts as precedent the decisions of the Fifth Circuit as that court existed on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

by Rule 41(a) are for protection of defendant's rights). The Court in its discretion may condition the dismissal of Plaintiffs' claims upon the payment of litigation related expenses, including reasonable attorneys fees. *McCants* at 860.

Whether or not a claim may be dismissed lies within the discretion of the trial court. "The district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." *Pontenburg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001); See also, *Diamond v. United States*, 267 F2d 23, 25 (5th Cir. 1959), *cert. denied*, 361 US 834. The discretion applies to both the decision to grant dismissal and the terms and conditions imposed pursuant to dismissal. See, *LeCompte,* 528 F.2d at 605; *Diamond*, 267 F2d at 25 ("The better rule and that represented by the weight of authority is that the court may, in the exercise of its discretion, deny the motion or grant it and if it be granted such terms and conditions may be imposed as are proper"). Defendant Johnson and MCSD respectfully request that the costs of defending this case to date be awarded as a condition of dismissal.

### III. CONCLUSION

Plaintiffs are attempting to prevent this Court from ruling upon a properly filed Motion to Dismiss by MCSD. As set forth above, the dismissal sought by the Plaintiffs should not be allowed, but, rather, since Plaintiffs are going to "expand" their

lawsuit, Plaintiff's should seek to amend pursuant to Fed. R. Civ. P. 15. Alternatively, this Court should rule upon the previously filed MCSD motion prior to deciding the Plaintiffs' Motion to Dismiss. Furthermore, Plaintiffs chose to bring the original action in this Court and have put MCSD and Johnson to considerable time and expense in the defense of this action. As such, any dismissal by this Court should be conditioned upon the payment of Defendants' attorneys fees and costs.

This __30__ day of April, 2004.

By: _____
James C. Clark, Jr.
Georgia Bar No. 127145
James A. Balli
Georgia Bar No. 035828
Clifton C. Fay
Georgia Bar No. 256460
Jaimie B. DeLoach
Georgia Bar No. 081638

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Opposition to Plaintiffs' Motion to Dismiss without Prejudice and Brief in Support Thereof upon all parties by placing a copy in the United States Mail, with proper postage affixed thereto to ensure delivery, and addressed as follows:

Richard C. Hagler
Attorney for Defendant Glisson
927 3rd Avenue
Columbus, Georgia 31901

William C. Campbell
Willie E. Gary
Attorney for Plaintiffs
221 E. Osceola Street
Stuart, Florida  34994

Respectfully submitted this ___30___ day of April, 2004.

PAGE, SCRANTOM, SPROUSE,
TUCKER & FORD, P.C.

By: _____
James C. Clark, Jr.
Georgia Bar No. 127145
James A. Balli
Georgia Bar No. 035828
Clifton C. Fay
Georgia Bar No. 256460
Jaimie B. DeLoach
Georgia Bar No. 081638

1043 Third Avenue
P.O. Box 1199
Columbus, Georgia 31902
(706) 324-0251

Ledger-Enquirer.com

| Our Local Channels | News | Business | Sports | Entertainment | Living | Classif |

# Archives

**Article Search Results** (Articles older than 7 days)     Archive Advanced Search | Archive Sear

Search [Articles-last 7 days ▼] for [          ]  Go

**Note:** Searching is always free. There is a $2.95 fee to view the full-text of any article.
**Check out our Pricing Options.**

## Columbus Ledger-Enquirer (GA)
April 15, 2004
**Edition:** LEDGER-ENQUIRER
**Page:** A1

### LAWYER PLANS EXPANDED LAWSUIT
#### BILL CAMPBELL CHANGES COURSE AFTER SEEING VIDEO
*MEG PIRNIE, Staff Writer*

Although attorneys for Kenneth **Walker's** family have asked a judge to dismiss a $100 million federal lawsuit, the case is by no means over.

A motion filed Friday by former Atlanta Mayor Bill Campbell requests that the court dismiss the lawsuit without prejudice against his clients, **Walker's** widow and daughter.

If U.S. District Judge Clay Land dismisses the suit against the Muscogee County Sheriff's Office, the sheriff and the former deputy who fatally shot **Walker**, then Campbell intends to file an expanded suit.

"This is procedural in nature, and there will be additional counts added to the ultimate lawsuit," Campbell said Wednesday.

Campbell said he recently viewed the video of **Walker's** shooting and believes it provides ample evidence to expand the lawsuit.

He did not say whether a second suit would be filed in federal or state court.

"We are going to refile very soon," he said. "We have not determined the forum yet, but we do know additional counts will be added."

"Our strategy has always been the same, and that is to find justice for the death of Kenneth **Walker**, that was unjust, unprovoked and without any legal basis," Campbell said. "It was clear that Kenneth **Walker** was killed without provocation. That is a great tragedy."

The shooting

The night of Dec. 10, **Walker**, who was riding with three friends in a gray GMC Yukon, was fatally shot by Sheriff's Deputy David Glisson during a traffic stop along Interstate 185.

The 39-year-old Columbus man and friends Warren Beaulah, Anthony Smith and Darryl Ransom were pulled from their vehicle during the stop, which occurred after law enforcement officers spotted the men leaving an Armour Road apartment under surveillance for drug activity. During that process, **Walker** was shot twice.



EXHIBIT "A"

The lawsuit

Campbell and Florida attorney Willie Gary filed a federal suit Feb. 24 on behalf of **Walker's** widow, Cheryl, and their daughter, Kayla, seeking $100 million in damages.

The suit alleges that Glisson violated **Walker's** constitutional rights by using excessive force and depriving **Walker** of life and liberty without due process of law.

The suit holds Muscogee County Sheriff Ralph Johnson accountable for **Walker's** death because Glisson was following the sheriff's official policies and procedures. In addition, the suit faults Johnson and the sheriff's office for failing to adequately train and supervise Glisson.

Legal response

Attorneys for the sheriff's department and the sheriff responded to the suit against their clients with motions to dismiss March 12.

"We had filed a motion to have that department dismissed as a party in the suit," said attorney Jim Clark of Page Scrantom Sprouse Tucker & Ford in Columbus. "It is basic law that in order to be subject to suit, you have to be a legal entity that is capable of receiving a suit. The sheriff's department does not qualify as such an entity."

A separate motion argues that the sheriff is immune from suits while acting in his official capacity and that even if he were not, he did not cause **Walker's** death and thus cannot be sued.

Land has not yet ruled on either motion.

The attorneys have not filed a response to the plaintiffs' motion to dismiss the suit.

"We have not gotten our response together," Clark said. "We are considering what our options are."

Richard Hagler, Glisson's attorney, said neither he nor Glisson was ever served with the lawsuit. But Hagler received a copy of the motion for dismissal from the **Walkers'** attorneys.

"At this point, I don't think it's even appropriate for us to be responding since we were never served with the original lawsuit," Hagler said.

+/-

See LAWYER, Page A3

LAWYER x 'Additional counts will be added'

From A1

+/-

"It was clear that Kenneth **Walker** was killed without provocation. That is a great tragedy."

Bill Campbell, former Atlanta mayor and attorney for **Walker's** widow, Cheryl, and their daughter, Kayla

+/-

+/

Copyright (c) 2004 Columbus Ledger-Enquirer