IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

CHERYL N. WALKER, Individually,   *
and CHERYL N. WALKER, Legal
Guardian of KAYLA WALKER, a      *
Dependent Minor,
                                   *
     Plaintiff
                                   *
v.
                                   *   Case No. 4:04-CV-24-3 (CDL)
MUSCOGEE COUNTY SHERIFF'S
DEPARTMENT, Muscogee County    *
Sheriff RALPH JOHNSON,
Individually and in His Official *
Capacity as Sheriff, and
Muscogee County Sheriff's Deputy *
DAVID GLISSON, Individually and
in His Official Capacity,       *

     Defendants               *

O R D E R

Plaintiff, with much fanfare, filed the above-captioned lawsuit in this Court on February 24, 2004.[1] This lawsuit arises from the shooting and death of Kenneth Walker, allegedly caused by David Glisson ("Glisson"), who was a deputy with the Muscogee County Sheriff's Department ("MCSD") at the time. Pursuant to 42 U.S.C. § 1983, Plaintiff asserts various federal law claims against Glisson, the alleged shooter, Ralph Johnson ("Johnson"), the Muscogee County Sheriff, and the MCSD, Glisson's and Johnson's alleged employer. Defendants MCSD and Johnson answered Plaintiff's Complaint denying liability. Defendant Glisson has filed no answer or responsive

---

[1] Plaintiff's attorneys held a press conference to announce the filing of the lawsuit. See Meg Pirnie & Muriel Tan, *Walker Family Files Lawsuit*, Columbus Ledger-Enquirer, Feb. 25, 2004 at A1.

pleading.[2] Contemporaneous with the filing of its Answer, the MCSD filed a Motion to Dismiss Plaintiff's Complaint with prejudice, contending that it is not a legal entity subject to suit in this matter. Subsequent to the filing of this motion, Plaintiff filed a motion to dismiss this entire action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Both motions are now ripe for ruling.

For the reasons set forth herein below, the Court grants Defendant MCSD's Motion to Dismiss with prejudice.[3] As to Plaintiff's remaining claims against Defendants Johnson and Glisson, the Court grants Plaintiff's Motion to Dismiss those claims without prejudice.

DISCUSSION

I. *Defendant MCSD's Motion to Dismiss*

Defendant MCSD contends that it should be dismissed as a party to this lawsuit because it is not a legal entity subject to suit. Plaintiff has filed no response to this motion. Nevertheless, the Court considers the entire record available to it in ruling upon this motion. It is clear that, under Georgia law, sheriff's departments generally are not legal entities subject to suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Moreover, no evidence exists in the record before the Court to contradict the MCSD's contention that

---

[2] It appears from a review of the file that Glisson has not been served yet with Plaintiff's Complaint.

[3] This dismissal with prejudice is limited to Plaintiff's claims against MCSD as an alleged separate legal entity. The dismissal does not apply to any other claims against any other governmental entity that may arise from Johnson's and Glisson's potential liability in their official capacities.

it is not a separate legal entity. This does not mean that no governmental entity exists that may be legally responsible for the acts complained of in Plaintiff's Complaint. It simply means that the MCSD is not the proper party. Accordingly, MCSD's Motion to Dismiss is granted, and Plaintiff's claims against the MCSD are dismissed with prejudice.

II.  *Plaintiff's Motion for Voluntary Dismissal*

Plaintiff seeks to dismiss her Complaint without prejudice under Federal Rule of Civil Procedure 41(a)(2). In light of the Court's dismissal of Plaintiff's claims against the MCSD, Plaintiff's motion is now limited to the dismissal of her remaining claims against Johnson and Glisson. Generally, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). The Court has broad discretion in deciding whether to allow a voluntary dismissal under Rule 41(a)(2). *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (per curiam). However, "in most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986). In exercising its discretion, the Court balances the equities involved and seeks to ensure justice between the parties. *Id.* at 857.

The Court finds that the dismissal of Plaintiff's claims against Johnson and Glisson at this early stage of the litigation will not cause legal prejudice to these Defendants.  Therefore, the Court grants Plaintiff's Motion to Dismiss her claims against Defendants Johnson and Glisson without prejudice.

The parties shall bear their own costs.

IT IS SO ORDERED, this 2nd day of June, 2004.

/s/ Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE