IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHERYL N. WALKER, Individually, | * | CIVIL ACTION |
| and CHERYL N. WALKER, | * | FILE NO. 4:04 CV 24-3 |
| LegalGuardian of Kayla Walker, | * | |
| a Dependant Minor | * | |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | |
| | | |
| MUSCOGEE COUNTY SHERIFF'S | * | |
| DEPARTMENT, MUSCOGEE COUNTY | * | |
| SHERIFF RALPH JOHNSON, | * | |
| Individually and in his official capacity as Sheriff, | * | |
| and DAVID GLISSON, | * | |
| Individually and in his official capacity, | * | |
| | | |
| Defendant. | * | |

**DEFENDANT DAVID GLISSON MOTION TO DISMISS
AND BRIEF IN SUPPORT THEREOF**

COMES NOW Defendant DAVID GLISSON in his official and individual capacity, by and through his undersigned counsel of record, and pursuant to Fed. R. Civ. P. 12(b)(6) and 17(b), hereby moves to dismiss Plaintiff's Complaint.

**I.  INTRODUCTION**

Plaintiffs filed the instant action against Sheriff Ralph Johnson, in his individual and official capacities, Muscogee County Sheriff's Deputy David Glisson, in his individual and official capacities and Muscogee County Sheriff's Department ("MCSD"). The Plaintiffs' claims are for alleged violations of 42 U.S.C. § 1983. MCSD is not a legal entity capable of being sued and therefore, must be dismissed from this case.

## II. ARGUMENT AND CITATION OF AUTHORITY

Fed. R. Civ. P. 17 (b) sets forth:

(b) Capacity to Sue or Be Sued.

The capacity of an individual, other than one acting in a representative capacity, to sue or be sued should be determined by the law of the individuals' domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court id held....

In Georgia only legal entities have the capacity to be sued. In Cravey v. Southeastern Underwriters Assn., 214 Ga. 450, 105 S.E.2d 497 (Ga. 1958) the Georgia Supreme Court held that "in every suit there must be a legal entity as the real plaintiff and the real defendant." Id. at 450. " This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Id at 450.   Georgia Insurers Insolvency Pool v. Elbert County, 258 Ga. 317, 368 S.E. 2d 500 (Ga. 1988).

In any event, Plaintiffs' Complaint is filed against the named Muscogee County Sheriff deputies (collectively, "Deputies") and Sheriff Johnson("Sheriff") in both their individual and official capacities. The instant motion will address the claims against Deputy David Glisson in his official capacity. While the Deputies and Sheriff are likely entitled to judgment based upon qualified and official immunity for those claims brought against them in their individual capacities, those claims are more appropriately dealt with in a summary judgment motion, which will be filed at the appropriate time.

All of Plaintiffs' claims relate to the Deputies' actions during the December 10, 2003 encounter at which Walker was killed.

In accordance with the above indisputable facts and standard of review, Plaintiffs'

Complaint against Defendants should be dismissed with prejudice.

1. **<u>Defendants Are Immune From 42 U.S.C. § 1983 Official Capacity Claims In Accordance With *Manders v. Lee*, 338 F.3d 1304 (2003)</u>**

Plaintiffs' claim against Defendant Deputy David Glisson in his official capacity should be dismissed with prejudice because Defendant Deputy David Glisson is entitled to Eleventh Amendment immunity. *Manders v. Lee,* 338 F.3d 1304 (11th Cir. 2003) (*en banc*)("*Manders II*"), *cert. denied,* 124 S.Ct. 1061(2004), established that a sheriff functions as an "arm of the state" in establishing use of force policy at a jail and in training and disciplining his deputies. *Id.* at 1328. In that regard, the Court held that the Sheriff was entitled to Eleventh Amendment immunity for those functions. *Id.* In *Mladek v. Day,* 293 F. Supp. 2d 1297 (M.D. Ga. 2003), this Court stated that *Manders II* doctrine with respect to the sheriff being an arm of the state was not to be limited to just a sheriff's operation of county jails, but rather also encompassed sheriffs and their deputies for actions during an arrest and subsequent detention. *Mladek,* 293 F. Supp. 2d at 1304.

It should be noted that the claims brought by Plaints against the Deputies in their official capacities are equivalent to a suit against the State because a lawsuit against a government officer in his official capacity is the same as a suit against the entity of which the officer is an agent. *Manders v. Lee,* 285 F.3d 983, 990 (11th Cir. 2002)(panel decision) ("*Manders I*") ("[i]t is well established that a suit against a defendant governmental officer in his official capacity is that same as a suit against the entity of which the officer is an agent", *citing McMillan v. Monroe County,* 520 U.S. 781, 785 n.2 (1997); *Ky. v. Graham,* 473 U.S. 159 (1985).

*Manders II* and *Mladek* squarely hold that Georgia sheriffs and their deputies are acting for the State when arresting and detaining suspects and when formulating policies related to use of force. As a result, Georgia sheriffs and their deputies are entitled to Eleventh Amendment immunity for claims brought against them in their official capacity. *E.g., Mladek,* 293 F. Supp. 2d at 1304.

It should also be recognized that under *Manders II*, the inquiry of whether a defendant is an arm of the state is determined by examining the sheriff's function in a particular context against four factors: (1) how the state law defines the entity; (2) what degree on control the state maintains over the entity; (3) where the entity derives its funds; and (4) who is responsible for

judgments against the entity. *Manders II*, 338 F.3d at 1308.  In light of this Court's ruling in *Mladek,* however, it is unnecessary to analyze these factors.  This Court has already correctly set forth that the *Manders II* decision is not limited to the jail setting, but is extended to the law enforcement function performed by sheriffs and their deputies when arresting citizens. *Mladek,* 293 F. Supp. 2d at 1304.

The Eleventh Amendment immunity doctrine is well grounded in the law.  "The Eleventh Amendment is a recognition that states, though part of a union, retain attributes of sovereignty, including immunity from being compelled to appear in the courts of another sovereign against their will."  *Skandalakis v. Geeslin,* 303 B.R. 533, 536 (Bankr. M.D. Ga. 2004), *citing Manders II*, 338 F.3d at 1308.  "The scope of the immunity conferred by the Eleventh Amendment shields states from the burden of standing trial or participating in litigation in federal courts." *Skandalakis*, 303 B.R. AT 537.  The Eleventh Amendment immunity applies not only to those cases in which the state is itself named as a party, but also to those cases in which the action is against state agents. *Id.*

## CONCLUSION

For the foregoing reasons, Defendant Deputy David Glisson respectfully submits that he is entitled to dismissal of all claims against him in his official capacity.  Defendant Deputy David Glisson's motion to dismiss should be granted in that respect and these claims should be dismissed with prejudice.  As set forth above, the Defendant Deputy David Glisson is a state actor and is entitled to Eleventh Amendment immunity for 42 U.S.C. § 1983 claims.

This 9th day of May, 2005.

                                              s/ Richard C. Hagler
                                              RICHARD C. HAGLER
HAGLER & HYLES                        Attorney for Defendant David Glisson
P. O. Box 2055
927 Third Avenue
Columbus, Georgia  31902
State Bar # 316850

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| CHERYL N. WALKER, Individually, | * | CIVIL ACTION |
| and CHERYL N. WALKER, | * | FILE NO. 4:04 CV 24-3 |
| LegalGuardian of Kayla Walker, | * | |
| a Dependant Minor | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| MUSCOGEE COUNTY SHERIFF'S | * | |
| DEPARTMENT, MUSCOGEE COUNTY | * | |
| SHERIFF RALPH JOHNSON, | * | |
| Individually and in his official capacity as Sheriff, | * | |
| and DAVID GLISSON, | * | |
| Individually and in his official capacity, | * | |
| Defendant. | * | |

## CERTIFICATE OF SERVICE

    I hereby certify that on May 09, 2005, I electronically filed the foregoing Defendant's Motion to Dismiss And Brief In Support Thereof with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:   I also certify that I have mailed by United States Postal Service the document and a copy of the Notice of Electronic Filing to the following non-CM/ECF participants:

    James C. Clark, Jr.
    1111 Bay Avenue
    Third Floor
    Columbus, Georgia 31901

    Clifton C. Fay
    Post Office Box 1340
    Columbus, Georgia 31902

    Jaimie B. DeLoach
    Post Office Box 1340
    Columbus, Georgia 31901

William C. Campbell
Gary, Williams, Parenti, Finney, Lewis
McManus, Watson & Sperando, P.L.
221 E. Osceola Street
Stuart, FL 34994

                                                  s/ Richard C. Hagler
                                                  Richard C. Hagler
                                                  HAGLER & HYLES
                                                  P. O. Box 2055
                                                  927 Third Avenue
                                                  Columbus, Ga. 31902
                                                  706-324-0882
                                                  Fax: 706-324-0839
                                                  State Bar # 316850